UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

DAVID WELD, DAVID QUEZADA, et al.,

    Defendants.

_____/

No. CR 08-0083 PJH

**ORDER RE DEFENDANTS' MOTIONS FOR DISCOVERY**

    Defendants' discovery motions came before this court on March 25, 2009. The government appeared through its counsel, Assistant United States Attorney Nicole Kim. Defendant David Weld ("Weld") appeared through his counsel, Brian Berson, and defendant David Quezada ("Quezada") appeared through his counsel, Steve Teich. Weld's motion was joined in by Quezada, along with codefendants Juan Zaragoza, Paul Kozina, Angelica Rodriguez, and Irma Corona, who appeared through their respective counsel, Brian Peterson, Christy O'Connor, Seth Chazen, and Alex Park for George Benatatos.

    The court DENIED Quezada's motion for the reasons stated on the record and primarily because the court was unpersuaded that the CI-3 information is exonerating or that Quezada had made an adequate showing that his need for the information outweighed the government's interest in protecting the identity of CI-3. The court, however, took under

1  submission Weld's motion for discovery, which includes requests for: (1) debriefings of CI-
2  3; (2) what can only be described as answers to interrogatories seeking information about
3  the timing of the Organized Crime and Drug Enforcement Task Force ("OCDETF")
4  investigation, the government's decision to seek the first wiretap, and when Agent Soto
5  began writing his March 14, 2007 affidavit, in support of the application for the wiretap as
6  well as a description of efforts made by the government to identify and investigate Victorio
7  LNU (last name unknown); (3) search warrant affidavits, search warrants, and returns in
8  this case; (4) an August 9, 2007 police report involving Hugo Vergas Castaneda, aka
9  "Primo;" and (5) surveillance reports not already provided, including that of November 13,
10 2007.

11  Weld's papers and oral argument were less than clear as to the authority requiring
12 disclosure of all of this information.  However, to the extent that he seeks any of the CI-3
13 debriefings pursuant to *Roviaro v. United States*, 353 U.S. 53, 59-61 (1957), and its
14 progeny, as with Quezada's motion, the court finds that Weld similarly fails to make a
15 sufficient showing entitling him to disclosure *or* an in camera hearing.  Weld has not made
16 a minimal threshold showing that disclosure would be relevant and helpful to his case that
17 outweighs the government's interest in protecting the identity of the informer.  *See Roviaro*,
18 353 U.S. at 62; *United States v. Henderson*, 241 F.3d 638, 644 (9th Cir. 2001); *United*
19 *States v. Spires*, 3 F.3d 1234, 1238 (9th Cir. 1993); *United States v. Beltran,* 915 F.2d 487,
20 488-89 (9th Cir. 1990)*.*

21  Nor is Weld entitled to disclosure of information that would enable him to identify the
22 non-testifying CI-3 under *Brady v. Maryland*, 373 U.S. 83 (1963)*.  See, e.g., United States*
23 *v. Storey*, 956 F.Supp. 934, 942 (D. Kansas 1997) (denying defendant's request for
24 impeachment information regarding CI's because "[s]uch evidence as it pertains to an
25 informant . . . is only discoverable if the informant testifies"); *United States v. Taft*, 769
26 F.Supp 1295, 1313 (D. Vermont 1991) (denying defendant's request for disclosure of any
27 promises for leniency or immunity to CI's under *Brady* because CI's were not testifying and
28 information would be discoverable only if witnesses were testifying); *United States v.*

*Morales*, 280 F.Supp. 2d 262, 271 (S.D.N.Y. 2003) (denying defendant's request for disclosure of non-testifying witnesses); *United States v. Shoher*, 555 F.Supp. 346, 356-58 (S.D.N.Y. 1983) (denying defendant's request for non-testifying CI's arrest records, prior statements, benefits and agreements with the government); *see also United States v. Fakhoury*, 819 F.2d 1415, 1424-25 (7th Cir. 1987) (noting discovery distinction between non-testifying and testifying informants); *United States v. Collins*, 415 F.3d 304, 310-311 (4th Cir. 2005); *United States v. Yarborough*, 2007 WL 962926 (W.D.N.Y. 2007); *United States v. Mullen*, 243 F.R.D. 54, 70-71 (W.D.N.Y. 2006).

      Turning then to the non-CI-3 categories of discovery requested by Weld, the court finds that, other than the search warrant applications and affidavits, Weld is not entitled to the discovery he requests. Even if the court were to extend the Ninth Circuit's rationale in *United States v. Barton*, 995 F.2d 931, 935 (9th Cir. 1993), to *Franks* hearings, Weld is not entitled to discovery here. First, this is a *discovery* motion - not a *Franks* hearing. Second, defendants cannot use *Brady* simply to search for *Brady* materials. *Brady* is not a pretrial discovery tool. *See United States v. Grace*, 401 F.Supp.2d 1069, 1077 (D. Mont. 2005) (noting that *"Brady* violations are generally raised and adjudicated post-trial, upon the revelation by the government or discovery by the defense of information favorable to the accused that should have been disclosed before trial, [and that it is] [o]nly after trial has concluded and a complete trial record exists may a court analyze whether information the government has not produced constitutes a *Brady* violation"); *see also United States v. Diaz*, 2005 WL 1575191 (N.D. Cal. 2005). As noted by government counsel at the hearing, taking defendants' request to its logical conclusion, defendants would have the court essentially order the disclosure of the government's file so that they could search for *Brady* material. Defendants have not cited and the court is unaware of any authority for such action.

      Even if *Brady* could be used as a discovery tool, or if the court were to construe Weld's instant requests as requests under Federal Rule of Criminal Procedure 16, Weld has not shown that the above categories of information, with the exception of his request

3

for the search warrant applications and affidavits, are favorable to the defense and material to his guilt or punishment. 373 U.S. at 87.

As for the search warrant applications, however, it does appear that the affiant's statement that as of July 30, 2007, no search warrants had been executed may have been false. There is no evidence before the court as to when the warrants were actually executed, but Quezada's reply brief provides execution dates of July 13 and July 16, 2007. The government had no opportunity to reply and the issue was not specifically raised by the court at the hearing. Accordingly, unless the government is able to produce returns or other evidence establishing that the search warrants were *not* executed on July 13 and 16, or a date preceding the July 30, 2007 affidavit in which the representation was made, the court finds that the information is relevant and material insofar as it may be used to impeach Agent Carpluk, the July 2007 wiretap affiant. *See Singh v. Prunty*, 142 F.3d 1157, 1161 (9th Cir. 1998) ("[e]vidence impeaching the testimony of a government witness falls within the *Brady* rule when the reliability of the witness may be determinative of a criminal defendant's guilt or innocence"). For this reason, the government shall disclose the requested search warrant applications and affidavits or produce proof to defendants and to the court that no warrants were executed prior to July 30, 2007.

## CONCLUSION

In sum, the court DENIES defendants' motion for discovery finding that the information is not subject to disclosure under *Roviaro* or under *Brady*.

The court, however, GRANTS Weld's motion for discovery of the search warrant affidavits, search warrants, and returns unless the government is able to produce returns or evidence establishing that the search warrants were *not* executed on July 13 and 16, 2007, as represented by defendant.

**IT IS SO ORDERED.**

Dated: April 1, 2009

PHYLLIS J. HAMILTON
United States District Judge

4