United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JUAN ZARAGOZA, PAUL KOZINA,
DAVID WELD, ANGELICA RODRIGUEZ,
DAVID QUEZADA, MARTEL VALENCIA,
and IRMA CORONA,

    Defendants.

_____/

No.  CR 08-0083 PJH

**ORDER DENYING MOTIONS TO SUPPRESS**

    Defendants' motions to suppress evidence obtained over six wiretaps issued March 14, 2007, May 17, 2007, June 15, 2007, July 30, 2007, September 20, 2007, and October 30, 2007, are currently before the court.  Based on the parties' arguments, the witnesses' testimony, the exhibits, and the relevant legal authority, the court DENIES defendants' motions.

## BACKGROUND

    Defendants' motions were originally filed on June 17, 2009; the government filed its opposition August 26, 2009; and defendants filed their replies on September 16, 2009.  These motions, among others, initially came on for hearing before the court on November 18, 2009, after which the court took them under submission until December 9, 2009.

    At the December 9, 2009 hearing, the court ruled on the record regarding each of

the above defendants' standing to challenge the wiretaps as well as other preliminary matters.  With respect to the merits of the motions to suppress, the court noted that a *Franks* hearing is appropriate only where the defendant makes a substantial preliminary showing that the affiant made (1) a false statement (2) that was deliberately or recklessly included in an affidavit submitted in support of a wiretap, and (3) material to the district court's finding of necessity.  *Franks v. Delaware*, 438 U.S. 154 (1978); *see United States v. Shryock*, 342 F.3d 948, 977 (9th Cir.  2003) (citing *United States v. Bennett*, 219 F.3d 1117, 1124 (9th Cir. 2000)).  The court noted the lack of clarity in the defendants' papers about exactly which statements by the FBI affiants were alleged to be false and on which grounds they sought to have the statements excluded.  Given this lack of clarity, the court simply culled out each challenged statement and omission, regardless of basis, and reviewed them to determine whether a substantial preliminary showing had been made to justify a *Franks* hearing.  The court found that defendants had made a substantial showing (as opposed to mere argument and speculation) only with respect to three statements, the first two of which the government conceded were false.

(1) **Agent Carpluk's statement in his July 30, 2007 Affidavit at  ¶ 193**, that "[n]o additional surveillances were attempted after June 19, 2007 because of the heightened awareness of surveillance displayed by the participants in this conspiracy and their proclivity to change telephones when they believe they have been the subject of law enforcement surveillance;"

(2) **Agent Carpluk's statement in his July 30, 2007 Affidavit at  ¶ 205**, that "[t]o date, search warrants have not been executed in this investigation;" and

(3) **Agent Purkey's statement in his October 30, 2007 Affidavit at ¶ 151**, that "As part of this investigation, the San Mateo County Sheriffs Office, the San Jose Police Department (SJPD), the San Mateo County Narcotics Task Force (SMCNTF), the San Jose Office of the California Bureau of Narcotics Enforcement, and the Drug Enforcement Administration (DEA) were asked if they had any additional CWs or CIs who could provide information about the drug trafficking activities of the VALENCIA

organization. The agencies did not have such a [sic] CWs or CIs."

The court then set the matter for a *Franks* hearing, noting that the hearing would be a narrow one focused on the above three statements only. It advised the parties that following the *Franks* hearing, it would consider the issues of materiality and necessity in light of the testimony. *See United States v. Ippolito*, 774 F.2d 1482, 1485 (9th Cir. 1985) ("proof that law enforcement officials either lied or made reckless misstatements in affidavits to secure a warrant or order does not in and of itself invalidate that warrant or order, or compel suppression of evidence obtained upon its execution").

On March 2, 2010, the court held the *Franks* hearing, at which time Agents Carpluk and Purkey, along with Agent Alvarez of the Drug Enforcement Agency ("DEA") testified and were cross-examined by defendants' counsel. The parties submitted post-hearing briefs on March 8, 2010.

## DISCUSSION

**1.    Agent Carpluk's July 30, 2007 Statements**

Turning to the two statements by Agent Carpluk, the government has already conceded that they are false. The court finds, however, that the statements were neither recklessly made nor material.[1] The court finds that at most, Carpluk was negligent in making the challenged statements, given his limited role in the actual investigation and his reliance upon other agents to provide the necessary information. He should have perhaps

---

[1] In support of their arguments regarding the recklessness standard, defendants cite to a portion of *United States v. Gonzalez, Inc.*, in which the Ninth Circuit was discussing whether the defendants in that case had made a sufficient *preliminary* showing entitling them to a *Franks* hearing. 412 F.3d 1102, 1111 (9th Cir. 2005) (noting that "[o]ur case law does not require clear proof of deliberate or reckless omissions at the pleading stage"). Here, the issue is not whether defendants have made a sufficient showing of recklessness necessary to obtain a *Franks* hearing, but rather whether defendants have established recklessness by a preponderance of the evidence after that hearing. *See United States v. Dozier*, 844 F.2d 701, 705 (9th Cir. 1988) (noting that defendant must prove recklessness at a *Franks* hearing by a preponderance of the evidence). The showing required post-*Franks* hearing differs from that required prior to a *Franks* hearing. Unlike the defendants in *Gonzalez, Inc.,* defendants here are indeed required to demonstrate "clear proof of deliberate or reckless omission." *See United States v. Stanert*, 762 F.2d 775, 781 (9th Cir. 1985) (citing *United States v. Chesher*, 678 F.2d 1353, 1362 (9th Cir. 1982)) (noting that "such proof is required for the evidentiary hearing").

3

been more proactive in his role as affiant. However, negligence alone is insufficient to warrant suppression. *See United States v. Dozier*, 844 F.2d 701, 705-06 (9th Cir. 1988). However, even if Carpluk's conduct could be considered reckless, the misstatements were not material. Had Carpluk included the omitted surveillances and search warrants, the court finds that, if anything, these statements would have strengthened the government's necessity showing. In other words, considering the affidavit as it would have appeared had the omitted surveillances and search warrants been included, the necessity for a wiretap would have been more obvious not less.

The court also rejects defendants' post-hearing attempt to enlarge the scope of the *Franks* hearing. Defendants argue that in addition to the misstatements/omissions noted above, Agent Carpluk also misstated his role in the investigation when he claimed that he had participated in periodic debriefings of confidential informants, cooperating witnesses, and cooperating defendants when in fact he had only once debriefed one CI. Carpluk Aff. ¶ 3; Tr. 66-67. The court disagrees that because Carpluk admitted that he had personally only debriefed one confidential informant, the referenced portion of the affidavit is necessarily false. It appears to the court that given the context, Carpluk was simply setting forth examples of different categories of investigative methods, and was not attempting to precisely quantify the number of confidential sources he debriefed. Regardless, with this attempt to enlarge the scope of the hearing, defendants are seeking to dig through the 84-page affidavit in search of statements that may be false. While the court certainly understands why defendants would like to cross-examine the affiant about each and every representation made in a lengthy affidavit, that is not the purpose of the *Franks* hearing. A *Franks* hearing is not a discovery tool; defendants are required to make a sufficient preliminary showing *prior* to any hearing. Based on that preliminary showing, the hearing was properly circumscribed. *Franks*, 438 U.S. at 171-72.

**2.      Agent Purkey's October 30, 2007 Statement**

The court finds that defendants have failed to establish that Purkey's statement was false. Defendants attempted to establish the falsity of the statement with proof that a large-

4

scale DEA investigation of *another unrelated* drug conspiracy involving Latino participants, relied on numerous informants, who ostensibly could have been utilized in the instant FBI investigation. The attempt fails on a number of grounds. Defendants, through the testimony of DEA Agent Alvarez, showed that the various defendants in the unrelated case may have been cooperators for the DEA, but not that they were in fact cooperators. But more importantly, there was no link demonstrated between the defendants in *United States v. Velasquez*, CR 04-20193 RSW, and this case and no showing that even if the defendants in the *Velasquez* case were cooperators for the DEA, that they could and would have been cooperators for the FBI in general and for this case in particular. Moreover, even if defendants were correct that certain *Velasquez* defendants were cooperating with the DEA, defendants have not demonstrated that Agent Purkey, the affiant, provided a false statement. There was no evidence to suggest that Purkey was aware of the *Velasquez* defendants and also aware of some connection between them and the defendants in this case. And to the extent that defendants suggested during the cross-examination of Alvarez that he knew or should have known of the Velasquez defendants' cooperation, Alvarez worked for the DEA and was not the affiant of the challenged affidavit. Purkey relied on DEA liaison Agent Todd Enger's inquiry in addition to that conducted of other agencies by Purkey's colleague, Agent Soto. It was reasonable for Purkey to do so and defendants have cited no authority that would impose upon Purkey a duty to independently make inquiry of countless DEA agents to ascertain if any of them were aware of DEA cooperators that could similarly be used by the FBI for this particular investigation. Moreover, there is no evidence that Purkey even had access to the DEA databases referenced by defendants.

For these reasons, the court finds that defendants have not shown falsity or recklessness on the part of Agent Purkey.

## CONCLUSION

For the above reasons, and for those stated on the record at the November 18, 2009 and December 9, 2009 hearings, defendants' motions to suppress evidence obtained over

5

the six wiretaps are DENIED.

The parties are ORDERED to appear for a trial setting conference on **Wednesday, March 24, 2010 at 1:30 p.m.**

**IT IS SO ORDERED.**

Dated: March 16, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge