UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

GUILLERMO ALEJANDRO ZARAGOZA, et al.,

    Defendants.

_____/

No. CR 08-0083 PJH

**ORDER FOR PRETRIAL PREPARATION FOR CRIMINAL JURY TRIAL**

Good cause appearing, it is hereby ordered that:

1. <u>TRIAL DATE</u>

    a. Jury trial will begin on November 8, 2010, at 8:30 a.m., in Courtroom 3, 3rd Floor, 1301 Clay Street, Oakland, California.

    b. Trial is scheduled for 16 days.

2. <u>DISCOVERY</u>

Both sides shall comply with the Federal Rules of Criminal Procedure, and the United States shall comply with *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Agurs*, 427 U.S. 97 (1976).

3. <u>PRETRIAL CONFERENCE</u>

    a. A pretrial conference will be held on **September 15, 2010**, at 1:30

p.m., in Courtroom 3, 3rd Floor.  The attorneys who will try the case shall attend the conference and be prepared to discuss the matters set forth in Criminal Local Rule 17.1-1.

        b.    **No later than Wednesday, August 11, 2010**, counsel shall comply with Crim. L. R. 17.1-1(b) including filing pretrial statements.

        c.    **No later than Wednesday, August 11, 2010**, motions in limine shall be filed and noticed for hearing at the conference.   Usually five or fewer motions per side is sufficient.  Each motion should address a single topic and all motions shall be contained in a single brief not exceeding twenty-five pages.  Defendants are encouraged to file motions jointly if possible.  If separate motions are filed, the government must file separate responses to the motions and may not file an "omnibus" response to all individual motions.  Leave of court is required for any party to file more than five motions or to exceed the page limitations.

        d.    **No later than August 18, 2010**, responses to motions in limine, also not exceeding twenty-five pages, shall be filed.  No replies are permitted unless requested by the court.

        e.    The attached juror questionnaire will be given to the venire members and copies of the responses will be made available to counsel at the beginning of voir dire.  A list of additional questions to be asked by the Court is attached.  Counsel shall submit an agreed upon set of any additional voir dire questions to be posed by the Court.  Any voir dire questions on which counsel cannot agree may be submitted separately.  Counsel will be allowed brief follow-up voir dire after the Court's questioning.  **Proposed voir dire questions must be submitted not less than 14 days prior to the date of the pretrial conference**.

        f.    Jury instructions 1.1 through 1.12, 2.1 through 2.2, 3.1 through 3.9, and 7.1 through 7.6 from the *Manual of Model Criminal Jury Instructions for the Ninth Circuit* (2007 Edition) will be given absent objection.  Counsel shall submit an agreed upon set of case specific instructions, using the Ninth Circuit Manual where possible.  Any instructions on which counsel cannot agree may be submitted separately.  Each requested

instruction shall be typed in full on a separate page with citations to the authority upon which it is based *and* a reference to the party submitting it.  A second blind copy of each instruction shall also be submitted omitting the citation to authority and the reference to the submitting party.

g.   A proposed form of verdict omitting reference to the submitting party shall be filed by each party.  **Proposed instructions and verdict forms must be submitted no later than Wednesday, August 18, 2010**.

h.   <u>Jury Selection</u> shall proceed as follows:  The Jury Commissioner will summon 35 to 40 prospective jurors.  The Courtroom Deputy will select their names at random and seat them in the courtroom in the order in which their names are called.  Voir dire will be conducted of sufficient venire members so that twelve (plus a sufficient number for alternates) will remain after all peremptory challenges and an anticipated number of hardship dismissals and cause challenges have been made.

The court will then take cause challenges and discuss hardship claims (which were not previously granted) at side bar.  The court will inform counsel which hardship claims and cause challenges will be granted, but will not announce those dismissals until the selection process is completed.  Peremptory challenges will be made in writing in accordance with Crim. L. R. 24-2 and 24-3.  The court will strike at one time those with meritorious hardship claims, those excused for cause, and those challenged peremptorily, and then seat the first twelve people (plus alternates) remaining in numerical order.

i.   **Courtesy copies of all documents shall be provided for chambers at the time of filing.**

4.   OTHER PRETRIAL MATTERS

   **a.   Additional Pretrial Motions**

Quezada's additional motion to suppress evidence based on *Miranda* violations was due **Friday, May 28, 2010.**  The government's opposition is due **Wednesday, June 2, 2010,** Quezada's reply is due **Friday, June 4, 2010,** and the matter is set for hearing along with Quezada's pending motion to suppress on **June 23, 2010.**  The court notes, though,

that Quezada has chosen not to file the *Miranda* motion.

As set forth on the record at the May 26, 2010 hearing, defendant(s) must file any remaining pretrial motions no later than **Wednesday, June 2, 2010.** The government's response(s) are due no later than **Wednesday, June 9, 2010.** Defendant(s)' replies, if any, are due no later than **Wednesday, June 16, 2010.** The motions will be heard on **Wednesday, June 30, 2010 at 1:30 p.m.**

### b. Coconspirator Statements

The government has represented that it intends to introduce coconspirator statements at trial.

In order for a coconspirator statement to be *admissible* at trial under Federal Rule of Evidence 801(d)(2)(E), the prosecution must show by a preponderance of the evidence that: (1) the conspiracy existed when the statement was made; (2) the defendant had knowledge of, and participated in, the conspiracy; and (3) the statement was made "in furtherance" of the conspiracy. *United States v. Larson*, 460 F.3d 1200, 1212 (9th Cir. 2006). However, the *introduction* of coconspirator statements is distinct from the issue of *admissibility*. That is in part because the court considers all of the evidence, even the defendants' evidence, in making the ultimate admissibility determination. *See* Graham, Federal Practice & Procedure, Evidence § 7025, at 316-17 (2006 ed. & 2009 suppl.) ("[a]t the conclusion of the presentation of evidence, the trial court on motion must determine *on all the evidence including evidence offered by the defendant* whether the government has established the requisite foundation") (emphasis added).

It is within this court's discretion to determine the order of proof or the showing, if any, that is appropriate prior to the government's *introduction* of the coconspirator statements. *United States v. Arbelaz*, 719 F.2d 1453, 1460 (9th Cir. 1983) (concluding that it was not an abuse of discretion for the court to allow the government to introduce coconspirator statements prior to establishing prima facie the existence of a conspiracy). Courts have utilized various approaches regarding the order of proof. This court utilizes what has been deemed the "middle course," which requires the government to make a

4

preliminary showing or summary of its evidence establishing the predicate facts, while deferring the final decision until the conclusion of the presentation of the evidence. *See* Mueller & Kirkpatrick, 4 Federal Evidence, at § 8:62; *see also United States v. Cox*, 923 F.2d 519, 526 (7th Cir. 1991) (the "preferable procedure would be to at least require the government to preview the evidence which it believes brings the statements within the coconspirator rule before delving into the evidence at trial").

In accordance with this approach, the court will preview prior to trial a summary of the coconspirator statements to be offered by the government. Following this preview, the court will determine which statements the government will be permitted to introduce, either through the testimony of a witness or by documentary evidence. Even though the ultimate finding as to admissibility will not be made until after the trial has commenced and perhaps as late as the close of the evidence, the witnesses will be permitted to testify about coconspirator statements and documents containing such statements will be published to the jury, subject to striking should the government not be able to meet its burden as to all requirements for admissibility. In this sense, the government's introduction of the statements which will have been previewed and approved by the court, will result in their conditional admission.

The court *may* at some point during trial, and prior to the close of the evidence, rule on whether the government has shown by a preponderance of the evidence two of the three prongs required for the admissibility of all of the proffered coconspirator statements, including that (1) the conspiracy existed when the statement was made; and (2) that the defendant had knowledge of, and participated in, the conspiracy. *Larson*, 460 F.3d at 1212. The court, however, will not determine until *after* the witness testifies and/or the documentary evidence containing the particular coconspirator statement is introduced whether or not the government has shown by a preponderance of the evidence that the statement was made "in furtherance" of the conspiracy. *See id.* A coconspirator statement will NOT be unconditionally admitted into evidence until the court has determined that all three *Larson* prongs have been satisfied as to that statement.

The government is required to file and serve a list of the coconspirator statements to be introduced at trial. In connection with each of the coconspirator statements, the government should provide the following information:

    (1) the identity of the testifying witness and/or the source of the conspirator statement;

    (2) a statement describing the witness and/or the source of the conspirator statement;

    (3) a summary of the evidence showing that the proffering witness, if a coconspirator, knew about and participated in the conspiracy;

    (4) the *specific* coconspirator statements to be introduced via that witness and/or the source of the conspirator statement;

    (5) the identity of the declarant of *each* specific coconspirator statement; and

    (6) a summary of the evidence showing that *each* declarant of the coconspirator statement(s) knew about and participated in the conspiracy.

At the May 26, 2010 status conference, the court advised the parties that all pretrial motions in limine, including matters regarding coconspirator statements, must be fully briefed and submitted at least 30 days prior to the pretrial conference. The government agreed at the hearing to provide its coconspirator statements no later than July 15, 2010. However, the government subsequently filed a notice that it intended to produce the statements by August 16, 2010, instead of July 15, 2010, and mistakenly provided the earlier date at the conference.

An August 16, 2010 production date does not provide a sufficient opportunity for the defendants to respond and for the court to review and consider the admissibility of the proffered coconspirator statements in advance of the pretrial conference. Accordingly, the government must file and serve the coconspirator statements, in addition to the information set forth above, **no later than Wednesday, July 28, 2010.** Defendants may file their

objections, if any, **no later than Wednesday, August 11, 2010.** Defendants must object on a statement-by-statement basis and may not file an omnibus-type objection. The government may file a reply, if any, **no later than Wednesday, August 18, 2010.** The court will rule on the matter at the pretrial conference.

### c. Rodriguez's Duress Defense

Defendant Angelica Rodriguez has represented to the court that she intends to introduce a duress defense at trial. The court has ruled that if Rodriguez is permitted to introduce evidence of duress based on codefendant Paul Kozina's conduct, then Kozina's trial will be severed from that of Rodriguez under Federal Rule of Criminal Procedure 14(a). Accordingly, the court will rule on whether Rodriguez is entitled to introduce evidence of a duress defense at the pretrial conference. This ruling will impact the court's ultimate determination as to which defendants will be grouped together for trial.

To assist Rodriguez and the government in the filing of the motion and opposition on the issue, the court sets forth the following relevant standards.

In order to assert a duress defense, a defendant is required to make a prima facie showing of three elements in a pretrial offer, including: (1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, and (3) no reasonable opportunity to escape the threatened harm. *United States v. Contento-Pachon*, 723 F.2d 691, 693 (9th Cir. 1984); *United States v. Shapiro*, 669 F.2d 593, 596 (9th Cir. 1982).

The element of immediacy requires that there be some evidence that the threat of injury was present, immediate, or impending. "[A] veiled threat of future unspecified harm" will not satisfy this requirement. *Contento-Pachon*, 723 F.2d at 693. To establish the element of immediacy, a defendant must make a prima facie showing that she completed the illegal action under a threat of immediate harm to the defendant or the defendant's family. Under this test, the threat to the defendant or the defendant's family must be "present, immediate, or impending," *id.* at 694, such that the defendant's persecutors "figuratively held a gun to [her] head" compelling the defendant to commit the illegal action.

7

*United States v. Shryock*, 342 F.3d 948, 988 (9th Cir. 2003); *see also United States v. Otis*, 127 F.3d 829, 835 (9th Cir.1997) ("[A] jury could conclude that [the defendant] was forced to work for the cartel by the threat of a second kidnapping of his father, which would take place immediately if he did not follow orders.").

The standard of reasonableness applicable to this defense is "to be determined by what a reasonable person would do under the same or similar circumstances . . . . Generally, once a defendant has reached a position where [s]he can safely turn [her]self in to the authorities [s]he will have a reasonable opportunity to escape the threatened harm . . ." *United States v. Verduzco*, 373 F.3d 1022, 1030-31 (9th Cir. 2004).

The parties will further need to consider the impact that any duress defense would have on the charges against Rodriguez. That is because the jury instruction used - Ninth Circuit Model Instruction 6.5 or 6.6 - and the respective burdens on the parties depends on the elements of the charges and the *mens rea* required for each of the offenses. To the extent that Rodriguez's duress defense negates an element of the crime, then the court is required to use Instruction 6.5. *United States v. Solorzano-Rivera*, 368 F.3d 1073, 1079–81 (9th Cir. 2004); *United States v. Leal-Cruz*, 431 F.3d 667, 672-73 (9th Cir. 2005). If this is the case, then it is up to the government to disprove duress beyond a reasonable doubt. *Id.* That is because when a defense negates the element of a crime, it is unconstitutional to place the burden of proving the defense on the defendant. *Leal-Cruz*, 431 F.3d at 673; *Solorzano*, 368 F.3d at 1079 ("[i]f a defense negates an element of the crime, rather than mitigates culpability once guilt is proven, it is unconstitutional to put the burden of proof on the defendant").

However, to the extent Rodriguez raises a duress defense *not* to negate an element of the offense but instead to excuse her criminal conduct, then the court should use instruction 6.6. *Leal-Cruz*, 431 F.3d at 673. If this is the case, then Rodriguez has the burden of proving her duress defense, instead of the government being required to prove the absence of duress. *Id.*

In *Solorzano* the Ninth Circuit explained that

> Generally, the affirmative defense of duress does not negate the mental states of knowledge or intent, or the voluntary nature of a criminal act. A person who acts under duress to harm another generally knows that his actions will lead to injury or that his purpose is to cause injury. But he nevertheless acts in order to comply with the demands of another. A person, for example, could intend to drive a truck with undocumented aliens to further their illegal presence in the United States, but act in that manner because someone had a gun to his head. Thus, even though he has done the act the crime requires and has the mental state which the crime requires, his conduct which violates the literal language of the criminal law is excused because he 'lacked a fair opportunity to avoid acting unlawfully.

368 F.3d at 1079-80 (citations omitted).

Accordingly, in addition to addressing whether Rodriguez has made a sufficient prima facie showing entitling her to introduce evidence of duress at trial, the parties must also address the appropriate jury instruction(s) associated with such a defense and the respective burdens of proof in accordance with the above standards.

Rodriguez's motion to introduce evidence associated with a duress defense - along with any declarations and/or evidence supporting the requisite prima facie showing - is due **no later than Wednesday, July 28, 2010.** The government's opposition is due **no later than Wednesday, August 11, 2010.** Rodriguez's reply, if any, is due **no later than Wednesday, August 18, 2010.** The court will rule on the matter at the pretrial conference.

### d. Grouping of Defendants

Following its ruling on Rodriguez's motion to introduce evidence re: duress, the court will determine the appropriate grouping, if any, of defendants for trial.

**IT IS SO ORDERED.**

Dated: June 1, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge