**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JUAN ZARAGOZA,
ANGELICA MARIA RODRIGUEZ,
PAUL ANTHONY KOZINA, and
IRMA CORONA,

    Defendants.

_____/

No. CR 08-0083 PJH

**SUPPLEMENTAL FINAL PRETRIAL ORDER**

The government's motion for a pretrial admissibility hearing re: the wiretap recordings and transcripts, along with other pretrial matters, came on for hearing before the court on January 19, 2011. All of the defendants were present, and Attorney George Benetatos appeared for Irma Corona. Attorney Doug Roberts appeared for defendants Rodriguez (on behalf of Seth Chazen), Kozina, and Zaragoza (on behalf of Brian Petersen). The court issues the instant order to summarize the rulings made at the hearing.

**1.    Government's Motion re: Wiretap Recordings and Transcripts**

In the absence of objections otherwise, the court rules that the English-language translations of the wiretap recordings prepared by the government are accurate and usable, and will be deemed the official English translations. The government will be permitted to

display the English translations at the time it plays the audiotapes for the jury. The government will also be permitted to provide the jury with binders containing the English translations at the time it plays the audiotapes.

However, although the English translations of the audiotapes will be admitted into evidence, the court agrees with the defendants that the English translations or transcripts constitute testimonial evidence. Accordingly, for the same reasons that the court does not allow witnesses or deposition transcripts into the jury room during deliberations, the court will not permit the English translations to come into the jury room during deliberations.

**2.    Forfeiture Instruction**

The court clarified that the forfeiture instruction submitted pertains to Rodriguez and Kozina.

Additionally, pursuant to Federal Rule of Criminal Procedure 32.2(b), in the event of a guilty verdict, defendants elect to have the jury decide whether there is a sufficient nexus between the offense(s) and the specific property for which forfeiture is sought.

**3.    Voir Dire of Government's Expert Witness**

Defendants objected to the reliability of the government's expert witness, FBI Task Force Officer Rafael Varela's testimony re: (1) the methods used by methamphetamine traffickers to avoid detection by law enforcement, including but not limited to, counter-surveillance and the use of code words; and (2) terminology and slang used by methamphetamine traffickers. The court previously reserved ruling regarding whether defendants' voir dire of Varela re: the reliability of his opinions would occur outside the presence of the jury.

The court has determined that the voir dire should occur outside the presence of the jury, and will allow defendants to voir dire Officer Varela at a hearing to take place at **1:30 p.m.** on **Wednesday, January 26, 2011.** If Rodriguez wishes to participate even though her trial has been severed, she may and should do so as there will **NOT** be another hearing before her separate trial.

**4.     Jury Instructions**

The parties were advised that joint instruction no. 2 needs to be revised to eliminate redundancies with the supplemental instruction containing the summary of the charges.

The court will reserve ruling regarding the necessity of joint instruction no. 21 until the close of the evidence.

Defendants Rodriguez and Zaragoza are ordered to re-submit their jury instructions such that they are double-spaced and constitute blind copies **within one week of the date of this order.**

**5.     Voir Dire**

Upon defendant Corona's request, the court will utilize the immigration status-related voir dire questions submitted by Rodriguez during jury selection for the first trial.

**6.     Supplemental Coconspirator Filing**

The court will allow the government to introduce the supplemental coconspirator statements subject to its prior January 5, 2011 ruling re: the other coconspirator statements.

**7.     Availability of Spanish Language Interpreter**

Even though the parties were advised at the hearing that the court supplies interpreters at trial only for defendants, the Clerk's Office for the Oakland Division has advised that interpreters will be supplied for testifying defendants _and_ their witnesses. The parties have been advised of the procedure for procuring interpreter assistance by separate Clerk's Notice filed today.

**8.     Evidence re: Corona's Background**

The court overrules the government's general objection to Corona's introduction of evidence regarding her background. The objection may be renewed at trial should the evidence become cumulative.

**9.     Case Agents**

The court GRANTS the government's motion to allow two case agents to sit at counsel table during trial.

**10.     Filings During Trial**

Commencing Monday, January 24, 2011, and continuing throughout the duration of trial, the parties are prohibited from filing any motions, briefs, requests, or other documents not previously authorized absent leave of court.  In the event the parties anticipate the need to file something, they should advise the court in advance and seek leave of court.

**IT IS SO ORDERED.**

Dated: January 20, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge