United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

ANGELICA MARIA RODRIGUEZ,

    Defendants.

_____/

No. CR 08-0083 PJH

**ORDER RE RULE 12.2 EXAMINATION; EXPERT TESTIMONY**

This matter came before the court for a hearing on March 30, 2011, on several issues related to the government's examination of Rodriguez pursuant to Federal Rule of Criminal Procedure 12.2(c)(1)(B), as raised in the briefs filed by the parties on March 23, 2011. The court ordered the parties to meet and confer regarding several issues raised by the briefs. The parties, however, were unable to reach an agreement regarding any of the issues, and the court ruled on the various issues as stated on the record and summarized below.

**I.    Scope of Examination(s)**

Rodriguez seeks notice regarding the specific scope of the government's examination, including the specific psychological tests to be conducted by the government's expert(s). Rodriguez further seeks to limit the scope of the Rule

1  12.2(c)(1)(B) examination itself to those limitations the court previously set regarding the
2  expert testimony regarding Battered Woman's Syndrome ("BWS") as it relates to her
3  duress defense.  Additionally, Rodriguez seeks to preclude the government from using any
4  information obtained from the examination during its case-in-chief.

5  The government stated at the hearing that it intends to call two expert witnesses, a
6  neuropsychologist to rebut Dr. Peery's expert testimony, and a psychiatrist to rebut Dr.
7  Barnard's expert testimony.  The government noted that it has not yet received from the
8  defendant the underlying data related to the tests conducted by Rodriguez's experts, and
9  until that occurs, its own experts are unable to determine which tests it will be necessary for
10 them to conduct.  The court GRANTED Rodriguez's request for advance notice of the
11 specific tests that will be conducted by the government's experts.  However, the
12 government is not required to provide such notice until the defendant has provided the
13 government with the underlying data and information from her own experts, and the
14 government's experts have had the opportunity to review the information and determine
15 which tests are necessary.

16 As for the limitations on the examination conducted by the government's experts, the
17 court DENIED Rodriguez's request and ruled that the government's experts could examine
18 Rodriquez on anything raised by the expert reports of her two examining experts.  The
19 court will determine the admissibility of the government experts' examination results after
20 their expert reports are completed.

21 Finally, the court noted that it was clearly established, and was not disputed by the
22 government, that its expert testimony as to Rodriguez's mental condition could be offered
23 only as rebuttal and not in its case in chief.

24 **II.    Manner of Examination(s)**

25 Rodriguez also requested that she be permitted to have counsel present during the
26 examinations and that the examinations be recorded.  The court advised Rodriguez that
27 she would be permitted to have one or the other of the two requests, but not both, and
28 allowed her to make the election regarding which she preferred.  In a letter dated March

31, 2011, Rodriguez advised the court that she elected to have the examinations recorded.

Accordingly, the court GRANTS Rodriguez's request to record the examinations, but DENIES Rodriguez's request to have counsel present at the examination.

### III. Results of Examination(s)

Rodriguez also requested that she be permitted to review the results of the examinations prior to their disclosure to the government. The court DENIED Rodriguez's request, and ruled that both parties would be permitted to review the results at the same time, including the recording(s) of the examination(s).

### IV. Expert Witness Objections

The court advised Rodriguez that it intends to provide the government an opportunity to object to portions of Dr. Barnard's testimony, namely, the underlying facts and evidence relied on by Dr. Barnard in forming her expert opinions as submitted *in camera* to the court on March 23, 2011, in advance of trial and/or out of the presence of the jury. The court ORDERS the parties to meet and confer regarding the procedure for such objections.

**IT IS SO ORDERED.**

Dated: April 1, 2011

PHYLLIS J. HAMILTON
United States District Judge